IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MITCHELL SCOTT AQUINO, | ) | CIVIL NO. 10-00226 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MMK MAUI L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITHOUT PREJUDICE**

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on April 20, 2010, Chief United States District Judge Susan Oki Mollway issued an order setting the Rule 16 Scheduling Conference in this matter for July 19, 2010.  On April 21, 2010, this Court continued the Rule 16 Scheduling Conference to July 28, 2010.  Pro se Plaintiff Mitchell Scott Aquino ("Plaintiff") failed to appear at the July 28, 2010 conference. Plaintiff also failed to file a scheduling conference statement, as required by Rule LR16.2(b) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

Courts do not take failure to comply with court orders lightly.  Federal Rule of Civil Procedure 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

>> (A) fails to appear at a scheduling or other
>> pretrial conference;
>> . . . .
>> (C) fails to obey a scheduling or other
>> pretrial order.

Pursuant to Rule 16(f)(1)(A), the district judge may "dismiss[] the action or proceeding in whole or in part" if a party fails to appear at a scheduling conference or fails to comply with a pretrial order. See Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff failed to comply with the order setting the Further Rule 16 Scheduling Conference and failed to file the required scheduling conference statement. This Court therefore finds that Plaintiff has failed to prosecute his case in the manner required by the Federal Rules of Civil Procedure and the Local Rules. After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in the expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendant will not be prejudiced as it does not appear that

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).

Plaintiff has effected service, and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that the district judge DISMISS this case WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 5, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MITCHELL SCOTT AQUINO V. MMK MAUI L.P.; CIVIL NO. 10-00226 SOM-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**